# William Becker, Sheriff, *v.* The County of Lawrence, Appellant.

*Fees of sheriff—Commitment and discharge of prisoners—Civil and criminal cases.*

No specific legislative authority for the payment of a fee for the discharge of criminals being shown, the county is not liable to the sheriff therefor.

The sheriff of Lawrence county is entitled to a fee of fifty cents for every prisoner committed in criminal cases, but no fee for his discharge; in civil cases he is entitled to a fee for a discharge but none for commitment. The fee is the same in either case but based on different functions, in one case, on commitment, in the other, on discharge.

Argued May 12, 1898.  Appeal, No. 161, April T., 1898, by defendant, from judgment of C. P. Lawrence Co., June T., 1897, No. 19, in favor of plaintiff on case stated.  Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.  Reversed.

Case stated.  Before WALLACE, P. J.

It appears from the record that the case stated submitted the following proposition for the judgment of the court:

If the court be of opinion that William Becker, sheriff, is entitled to jail fees, fifty cents for the commitment and fifty cents for the discharge of each prisoner lawfully committed and discharged from said common jail, and embraced in said account, the judgment to be entered for the plaintiff in the issue for the sum of $447.

If the court be of opinion that the plaintiff is entitled to such fees, both for commitment, fifty cents, and discharge fifty cents, but that he is not entitled to such fee for discharge in the cases where the prisoner was committed to the penitentiary, work house, reformatory or insane asylum, the judgment to be entered for plaintiff, for the sum of $425.

If the court be of opinion that said William Becker, sheriff, is not entitled to the fee of fifty cents for the discharge of such prisoners or any of them, their judgment to be entered in favor of defendant, but such judgment shall not effect or prejudice said William Becker in his right to collect and receive said

42      BECKER *v.* LAWRENCE COUNTY.

Statement of Facts—Opinion of the Court.   [8 Pa. Superior Ct.

sum of $285.37, from said county of Lawrence, being the balance found due to said William Becker, sheriff, and which is not embraced in this controversy, and is to be paid to him in addition to the judgment in this case.   The costs to follow the judgment.

The court below entered judgment on the case stated in favor of plaintiff for $425.   Defendant appealed.

*Error assigned* was entry of judgment for $425 in favor of plaintiff.

*Wylie McCaslin*, with him *J. Norman Martin*, for appellant.—The Act of April 11, 1868, P. L. 3, under which the plaintiff claimed, makes no provision for a fee for discharge in criminal cases, but only in civil.

In no case is the county liable for costs unless made so by statute: *Codding v. Bradford County*, 116 Pa. 47; *Crawford Co. v. Barr*, 92 Pa. 359; *Franklin Co. v. Conrad*, 36 Pa. 317; *York Co. v. Crafton*, 100 Pa. 619; *McCallister v. Armstrong Co.*, 6 Dist. Rep. 760.

*M. McConnell*, for appellee, submitted no paper-book.

OPINION BY BEAVER, J., July 29, 1898:

The second section of the Act of April 2, 1868, P. L. 3, fixing "fees to be received by the sheriff," contains the three following items: "Fee for discharging prisoners in civil cases, fifty cents;" immediately following, "Fee on commitment for any criminal matter, fifty cents;" at the end of the section, "For services not herein provided for, the same fees as for similar services."

The plaintiff, who is the sheriff of Lawrence county, claimed in his settlement with the county auditors, a jailer's fee of one dollar each for every prisoner committed and discharged during the year, the said fee being made up of fifty cents for commitment and fifty cents for discharge.   It is admitted that there is no specific fee fixed in the act for discharging a prisoner in a criminal proceeding; but, inasmuch as a fee of fifty cents for discharging prisoners in civil cases is allowed, it is argued there should be a similar allowance for criminal cases,

under the clause providing "for services not herein provided for, the same fees as for similar services;" and, under this provision of the law, the court allowed fifty cents for each prisoner actually discharged from the county jail.

In making this allowance we think there was error, on the double ground that civil and criminal cases are not similar and also for the reason that the same fee is allowed in both cases; but in civil cases there is no fee for commitment and in criminal cases none for discharge. The fee in each case is fifty cents. It is payable in a criminal matter, when the prisoner is committed. It is payable in a civil case, when the defendant is discharged. No specific legislative authority for the payment of the fee for a discharge of criminals having been shown, we must hold, as has been uniformly held in such cases, that the county is not liable.

Judgment reversed and judgment is now entered for the defendant, with costs, on the case stated.